69 F.3d 531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Robert DELANEY, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR, Respondent.
 NO. 95-1487.
 United States Court of Appeals, First Circuit.
 Nov. 6, 1995.
 
 ON PETITION FOR REVIEW OF A FINAL DECISION AND ORDER OF THE UNITED STATES SECRETARY OF LABOR
 Randall E. Nash, with whom Matthew E. Dwyer and Dwyer & Jenkins were on brief, for petitioner.
 Mary J. Rieser, Attorney, U.S. Dept. of Labor, with whom Thomas S. Williamson, Jr., Solicitor of Labor, Gail V. Coleman, Deputy Associate Solicitor, U.S. Dept. of Labor, and William J. Stone, Counsel for Appellate Litigation, U.S. Dept. of Labor, were on brief, for respondent.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR, and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Delaney, an employee of Massachusetts Correctional Industries ("MCI"), was transferred from his position at the Walpole state prison after complaining about being exposed to toxic chemicals on the job. He now appeals from the Secretary of Labor's dismissal of his complaint under the whistleblower protection provisions of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. Secs. 2622 et seq. (1988).[1] We affirm the Secretary's determination that it was not Delaney's whistleblowing activity that resulted in his transfer, but rather the perceived security problem he posed for the prison (his employer's client) by the manner in which he chose to voice his concerns. In so doing, we reject Delaney's attack on the Secretary's finding as not supported by substantial evidence and his attempt to recharacterize this case as one requiring a "mixed motive" analysis.
 
 The Department of Labor's Findings
 
 2
 Robert Delaney works for MCI, which contracts to provide services for the Massachusetts state prisons. From 1987 to 1990, Delaney worked as an instructor in the license plate shop of the maximum security prison in Walpole, Massachusetts. He complained repeatedly to his employer (MCI, not the prison) from 1988 to 1990 about being exposed to toxic chemicals in the shop, and did so first orally to his supervisor and then by formal grievance. He also filed complaints with the United States Environmental Protection Agency, the Massachusetts Department of Environmental Protection, and the Walpole Board of Health in the spring of 1990.[2]
 
 
 3
 On August 14, 1990, MCI involuntarily transferred Delaney to a position at Norfolk Industries, a manufacturing operation at an adjacent prison in Norfolk. Although Delaney retained the same job title and pay he had enjoyed at the Walpole shop, he considered the transfer to be adverse: he believed that the new job carried responsibilities that he would not be able to fulfill and so felt that his job security was threatened.
 
 
 4
 The issue is whether the transfer constituted retaliation by MCI (Delaney's employer) for Delaney's chemical exposure grievances. Delaney was transferred after Robert Duval, the acting superintendent of the Walpole prison, sent a letter to the MCI Director, Hutch Aghjayan, following up on earlier conversations. Duval's letter stated he had obtained information that inmates were increasingly showing concern and becoming anxious about hazardous materials in the license plate shop. Duval said he had ordered interviews with staff and had learned that while Delaney had not been seen talking directly to any inmates, Delaney had been seen discussing the chemical exposure issue openly with other staff and on the phone even though inmates were clearly present to overhear those discussions. The letter concluded:
 
 
 5
 At this juncture, this controversy is affecting the overall climate and security of this Institution and immediate steps must be taken to prevent further escalation. If we fail to take immediate action the possibility exists that we could face a reaction on the part of inmates that may include a work stoppage or other forms of protest. I therefore recommend that until the controversy is settled as to the use of the chemicals and the safety of their use is confirmed, strong consideration should be given to the reassignment of Mr. Delaney to another facility.
 
 
 6
 On the same day he received this letter from Duval, Aghjayan, in turn, sent a letter to Delaney, notifying him that he was to be transferred "in the interest of institution security" based on reports that he was "a source of information to inmates through indiscretion in [his] conversation with staff and while on the telephone."[3]
 
 
 7
 Following hearing and a Recommended Decision from an Administrative Law Judge, the Secretary found that Delaney's transfer had indeed been adverse, but not retaliatory. He concluded that MCI was "motivated by concern for 'the overall climate and security' of the prison when it transferred Mr. Delaney, not by his protected activities.... Even though the substance of Mr. Delaney's ... [chemical exposure] complaints was protected under TSCA, the indiscreet manner in which [he] openly discussed the situation within earshot of prisoners was not protected."
 
 Delaney's Challenge
 
 8
 The Secretary's decision must be affirmed unless Delaney meets his burden of showing that the decision is not supported by substantial evidence, is arbitrary, capricious or otherwise not in accordance with law. 15 U.S.C. Sec. 2622(c)(1) (setting standard of review by reference to 5 U.S.C. Sec. 706); Boston Edison v. FERC, 885 F.2d 962, 964 (1st Cir.1989).
 
 
 9
 Delaney assigns an error of fact and an error of law. He asserts that there is no factual support for the Secretary's determination as to his employer's motive in transferring him. Further, he says, the Secretary erred in not analyzing his claim under the "mixed-motive" analysis set forth in Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977), and thus applied inappropriate burdens of proof and production.[4]
 
 
 10
 The first claim fails and the second falls with it. The Secretary's factual finding was adequately supported. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation omitted). Substantial evidence is something more than a scintilla, but something less than the weight of the evidence. See Gouveia v. INS, 980 F.2d 814, 818 (1st Cir.1992); see also Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 619-20 (1966).
 
 
 11
 The letter expressing concerns about Delaney's indiscretions with prison inmates was sent to Aghjayan not by another employee of MCI (Delaney's employer), but by Ronald Duval, the acting superintendent of the prison. Aghjayan testified at the hearing before the ALJ that he had to defer to prison officials on matters of security. Thus, because he saw Duval's letter as an urgent matter of prison security, he took it seriously. Although Aghjayan had discretion to make hiring and firing decisions at MCI, he testified that he did not feel free to disregard Duval's letter: "[I]t was not a letter that I could ignore."
 
 
 12
 Aghjayan's testimony and the Duval letter provide substantial evidence to support the Secretary's finding that Aghjayan's decision to transfer Delaney was based on his receipt of the Duval letter and the concerns communicated therein. Delaney has offered no credible evidence to support a conclusion that this articulated reason for the transfer was mere pretext for retaliation.[5]
 
 
 13
 Delaney's objection that the decision was based on hearsay is insufficient. Not only were the proceedings before the Department of Labor not governed by formal rules of evidence, 29 C.F.R. Sec. 24.5(e)(1), but Delaney did not even make a hearsay objection before the ALJ. The argument proves too much in any event. In everyday life people can and do make decisions based on what they learn from others. The law does not prohibit that. The TSCA prohibits only retaliation against whistleblowing activities. Here, the record establishes that Delaney's employer acted at the request of prison officials concerning a matter of prison security. That the prison officials' security concerns might, in turn, have been based on hearsay is immaterial. There is no evidence of pretext. Thus, the Secretary correctly found in favor of MCI.
 
 
 14
 Finally, we note that the Secretary found that MCI did not act under a dual motive. This finding is unassailable. On the record before us there has been no showing of "mixed motive" and thus no foundation for applying a "mixed motive" analysis. Cf. McKennon v. Nashville Banner Publ. Co., 115 S.Ct. 879, 885 (1995) (stating that the Mt. Healthy mixed motive analysis is inapposite where there has been shown to be only a single motive for the challenged employment decision). There is, as the Secretary recognized, a difference between what Mr. Delaney said and the circumstances in which he said it. The Secretary's finding that Delaney's transfer was motivated only by consideration of the latter is amply supported by the record.
 
 
 15
 At bottom, Delaney had to prove that he was transferred to Norfolk because of his complaints about being exposed to toxic substances. See Kahn v. Secretary of Labor, 64 F.3d 271, 278 (7th Cir.1995) (analyzing claim under identical whistleblower provision of the Energy Reorganization Act). The ALJ and the Secretary here found that Delaney failed to make the requisite proof. Because we do not review the question de novo, and because there was substantial evidence to support that administrative conclusion, the Secretary's determination is affirmed.
 
 
 
 [1]
 We have jurisdiction under 15 U.S.C. Sec. 2622(c)(1)
 
 
 [2]
 Those agencies then investigated the shop conditions and ordered remedial measures to be taken by MCI. As a result, several changes were made in ventilation and procedures for disposing of toxic chemicals. There has been no claim of ongoing toxic exposure hazards in the MCI shop
 
 
 [3]
 Delaney did not report for work at his new position. Instead, he filed an industrial accident claim asserting disability based on exposure to toxic substances and filed the complaint with the Department of Labor from which this appeal arises, alleging whistleblower discrimination and seeking reinstatement and damages
 
 
 [4]
 It appears that the Secretary has adopted, in actions brought under the TSCA, the burdens of proof and production established by the Supreme Court in employment discrimination actions, e.g. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Simon v. Simmons Foods, Inc., 49 F.3d 386, 388 (8th Cir.1995) (applying burden-shifting analysis to retaliatory discharge claim under TSCA). The Secretary does not dispute that in an appropriate case a dual motive analysis would apply. He says this is not such a case because plaintiff failed to establish the factual predicate for such analysis
 
 
 [5]
 And even if there were some such evidence, that alone would not justify refusing to defer to the Secretary on this point. "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Boston Shipping Ass'n, Inc. v. Federal Maritime Comm'n, 706 F.2d 1231, 1236 (1st Cir.1983) (quoting Consolo, 383 U.S. at 620)